UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RICHARD HOFFER,                                                    18-CV-1197(NSR)(LMS)

                Plaintiff,

       -against-

CITY OF YONKERS, CITY OF YONKERS POLICE
DEPARTMENT, POLICE OFFICER ELYSSA TELLONE,
SHIELD # 730387, POLICE OFFICER TREVOR GOFF,
SHIELD # 731915, POLICE OFFICER LAMONT BROWN,
SHIELD #734149, POLICE OFFICER DARCY DRUMMOND,
SHIELD # 731907, POLICE OFFICER JOHN DOE 1,
POLICE OFFICER JOHN DOE 2, POLICE OFFICER
JOHN DOE 3, POLICE OFFICER JOHN DOE 4,
POLICE OFFICER JOHN DOE 5 and POLICE OFFICER
JOHN DOE 6,

                Defendant(s).
------------------------------------------------------------------------x


PLAINTIFFS MEMORANDUM OF LAW
IN SUPPORT OF MOTION IN LIMINE

Plaintiff, by his attorneys, respectfully submits this Memorandum of Law in Support of his Motion in Limine which requests to an order excluding certain evidence from trial in this matter.

### A. Evidence of Arrests and Criminal Prosecutions Post Incident

Plaintiff was arrested on April 27, 2018 and charged with the crimes of Criminal Possession Narcotics Drugs (NYPL 220.16(01)) and related crimes.

Plaintiff was arrested on May 8, 2019 and charged with Criminal Possession of a Controlled Substance in the Third Degree (NYPL 220.16(01)) and related crimes.

Plaintiff is requesting that the above arrests and criminal prosecutions be excluded from evidence during this trial.

Prior criminal acts may not be admitted to show bad character under **Federal Rule of Evidence 404(b).** Generally, evidence of "other crimes, wrongs, or acts" is not admissible under Rule 404(b) to prove character or criminal propensity. *United States v. Gordon*, 987 F.2d 902, 908 (2d Cir. 1993).

Although, Rule 609(a)(1) permits the impeachment of a witness with convictions punishable by imprisonment in excess of one year subject, it is subject to the balancing test of Rule 403.

Here, Defendants should not be able to introduce evidence that plaintiff is a "bad man" and should not be trusted and that his arrests and convictions are sufficient to show that he deserves no sympathy or that his civil rights matter less simply because of those arrests and convictions. The Court has to give consideration of the prejudicial nature of the evidence

under Rule 403.  *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991). The probative value of introducing this evidence is outweighed by the prejudice it would cause the plaintiff and the Court should exercise his discretion in excluding the evidence.

Therefore, Plaintiff's motion in limine should be granted.


Dated: New York, New York
   October 29, 2021         __/s/Devon M. Radlin_____
                     DEVON M. RADLIN, ESQ.
                     VIK PAWAR, ESQ.
                     ROBERT BLOSSNER, ESQ.
                     Attorney for Plaintiff
                     RICHARD HOFFER
                     112 W 34th Street – 18th Floor
                     New York, New York 10120
                     Tel.No.: (212) 406-9200
                     Fax No.: (212) 937-2345

TO: ***MATTHEW GALLAGHER***
    **Corporation Counsel- City of Yonkers**
    **Attn: Rory McCormick, Esq.**
    City Hall, 40 South Broadway
    Yonkers, New York 10701