UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RICHARD HOFFER,                                             18-CV-1197(AEK)

                 Plaintiff,

        -against-

CITY OF YONKERS, CITY OF YONKERS POLICE
DEPARTMENT, POLICE OFFICER ELYSSA TELLONE,
SHIELD # 730387, POLICE OFFICER TREVOR GOFF,
SHIELD # 731915, POLICE OFFICER LAMONT BROWN,
SHIELD #734149, POLICE OFFICER DARCY DRUMMOND,
SHIELD # 731907, POLICE OFFICER JOHN DOE 1,
POLICE OFFICER JOHN DOE 2, POLICE OFFICER
JOHN DOE 3, POLICE OFFICER JOHN DOE 4,
POLICE OFFICER JOHN DOE 5 and POLICE OFFICER
JOHN DOE 6,

                 Defendant(s).
------------------------------------------------------------------------x


PLAINTIFFS MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS MOTION IN LIMINE

Plaintiff, by his attorneys, respectfully submits this Memorandum of Law in Opposition of defendants Motion in Limine which requests an order excluding certain evidence from trial in this matter.

### A. Evidence of Disciplinary, Complaint and/or Litigation Histories

Plaintiff acknowledges that he cannot introduce the evidence of defendant Police Officer Trevor Goff's (P.O. Goff) arrest, internal affairs investigation, and later disposition from said arrest ("misconduct") during their case-in-chief as he is aware that evidence of other crimes, wrongs, or acts, "merely to prove that a person had a propensity to commit the act at issue," is prohibited. *United States v. Pitre,* 960 F.2d 1112, 1118 (2d Cir 1992); *Berkovich v. Hicks,* 922 F.2d 101 8, 1022 (2d Cir. 1991).

However, pursuant to FRE 608(b), the Court may consider the admission of evidence of other bad acts, regardless of whether they occurred prior or subsequent to the incidents at issue in this case, so long as they are relevant to an actual issue in the case and satisfy the probative-prejudice balancing test of Fed. R. Evid 403. *United States v. Pitre,* 960 F.2d at 111; *United States v. Everett,* 825 F.2d 658 (2d Cir. 1987), cert. denied, 484 U.S. 1069 (1988); *United States v. Figuera,* 618 F.2d 934, 939 (2d Cir. 1980).

First, Plaintiff is not seeking to introduce and/or cross-examine defendant P.O. GOFF as to his convictions for the violations or his mandated punishment. Plaintiff is seeking to introduce and/or cross-examine defendant P.O. GOFF on his actions which resulted in his violation convictions, specifically: (1) his theft of goods - stealing bread from a convenience store; (2) his vandalism of property - jumping on a stranger's car and smashing the windshield; (3) his ensuing use of excessive force on a female, who was attempting to help

1

him, by placing that woman in a headlock and obstructing her breathing; and (4) driving while under the influence. It is important that the Court be aware that the female, who was assaulted by defendant P.O. GOFF, had attempted to intervene and prevent defendant P.O. GOFF from potentially hurting himself <u>and the public</u> by taking away his car keys since it was clear that he was not only unfit to drive a motor vehicle, but the midst of a psychotic episode.

Plaintiff concedes that defendant P.O. Goff's misconduct is not factually similar to plaintiff's allegations. However, defendant P.O. Goff's misconduct is unique in that it not only reflects on his character for truthfulness, but as to his reaction to a stressful situation and contemporaneous to the instant allegations and not remote in time as to plaintiff's allegations.[1]

It is clear that the underlying allegations of defendant P.O. Goff's misconduct go directly to his credibility and responses to stressful situations and should be permitted in cross examination.

The underlying facts at issue in this action involve a highly stressful situation. Defendant P.O. GOFF refutes Plaintiff's version of events; i.e... the aftermath of an automobile pursuit. However, the fact that defendant P.O. GOFF was involved in this sort of criminal conduct a mere seven (7) months after this incident with plaintiff makes the conduct timely and relevant. Defendant P.O. GOFF's conduct exhibits uncontrollable rage and irrational responses to stressful situations. This Defendant is accused of exhibiting excessive force immediately after a high-speed motor vehicle pursuit. It is important to note that numerous

---

[1] Notes of Committee on the Judiciary, House Report No. 93-650 as to remoteness in time.

2

police departments across the United States are advising against involvement in these high-speed chases due to the aftermath of extreme adrenaline and further injuries to both police officials, public and those pursued.

Defendants argue that defendant P.O. Goff's off-duty incident does not share "identical," "unusual," or "unique" characteristics with any of the allegations made by plaintiff, which are that defendant P.O. Goff was involved in an incident of excessive force in which plaintiff was struck by a defendant Police vehicle, tased twice and assaulted by defendant Police Officers.

First, Police Officers are never truly "off-duty" and are expected to uphold the law and constitution of both the State of New York and United States. Therefore, Defendant's argument to color P.O. Goff's misconduct as during his "off-duty" should be rejected.

Due to P.O. Goff's misconduct, he was not a full-duty officer for over two (2) years; June 23, 2017 – September 23, 2019. The Jury should be aware in their adjudication about the character and instincts of P.O. Goff.

In that there is significant probative value not only on the grounds of credibility, but as to the defendant's irrational behavior.

Due to the above, Plaintiff should be permitted to cross-examine defendant P.O. Goff on his misconduct.

3

## B. Audio/Video Evidence Should Not Be Precluded

The video/audio recording of Anthony Tellone ("video"), brother of Defendant Police Officer Elyssa Tellone (P.O. Tellone), contains statements he made to Sandra Cuebas about the facts of this case and resulting injuries to plaintiff.

In sum and substance, Mr. Tellone stated that he learned from his sister, the defendant P.O. Tellone, that:

   a. That YPD ran Plaintiff over with one of their vehicles.

   b. That Sandra Cuebas called 911 and stated that her car [which Plaintiff was driving] was stolen.

   c. That Defendant P.O. Tellone initially saw Plaintiff leaving a Dunkin Donuts on Lake Avenue and followed him on to Rumsey Road in Westchester County.

   d. That Plaintiff is now a "cripple."

   e. That Plaintiff cannot expect to win this lawsuit because he was caught, "with a gun and 70 bags of heroin."

   f. That it was either Trevor [Defendant P.O. Goff] or his sister [Defendant P.O. Tellone] who struck Plaintiff with their YPD vehicle.

   g. That if you run from Defendant YPD then you get beat up.

See Exhibit "1" – Transcript of Video

These statements should not be excluded as hearsay in that the Defendant P.O. Tellone is available to respond, contradict, or confirm her alleged words. In addition, defendant P.O. Tellone was deposed upon the subject matter during which she identified the individual speaking

4

to Sandra Cuebas as her brother, and specifically: Exhibit "2"; Defendant Police Officer Elyssa Tellone Deposition Transcript; Page 50: 4-7

> Q. What other video did you see?
>
> **A. I was – I saw a video of a person I know, Sandra, she was the victim and her talking to my brother.**

Exhibit 2; Page 50: 14-17

> Q. In the video you know that that person that Sandra was speaking to was your brother?
>
> A. Yes.

Exhibit 2; Page 76:19-77:4

> Q. And the other video that you said that you had seen where your brother is speaking to Sandra, do you know what that conversation, the substance of that conversation was?
>
> **A. They were discussing the arrest.[2]**

The statements in question in the video are alleged to have been uttered by defendant P.O. Tellone, who is a defendant in this action. Defendant P.O. Tellone will have ample opportunity to confirm or deny that she uttered those statements.

5

---

[2] Answered over objection by Counsel.

### I.     *Relevancy:*

The statements made by Defendant P.O. Tellone's brother are relevant because they refer to defendants' statements about the facts and resulting injuries suffered by plaintiff due to the actions of defendants.

Those statements should be considered as made against interest.

It is important for the Court to know that Mr. Tellone knew *specific* details as to Plaintiff's arrest, including but not limited to, (1) **seventy** bags of heroin and a gun were found which were alleged to belong to Plaintiff; (2) that Sandra Cuebas called her car in as stolen which initiated the police involvement; (3) that Plaintiff was struck by a defendant YPD car driven by either his sister defendant P.O. Tellone or Defendant P.O. Goff.

Therefore, there are no hearsay issues as to the video and should not be precluded.

Dated: New York, New York
       November 5, 2021

                                                   DEVON M. RADLIN, ESQ.
                                                   Attorney for Plaintiff
                                                   RICHARD HOFFER
                                                   112 W 34th Street – 18th Floor
                                                   New York, New York 10120
                                                   Tel.No.: (212) 406-9200
                                                   Fax No.: (212) 937-2345

TO:   ***MATTHEW GALLAGHER***
        **Corporation Counsel- City of Yonkers**
        **Attn: Rory McCormick, Esq.**
        City Hall, 40 South Broadway
        Yonkers, New York 10701

| Index No.: | Year | RJI No.: | Hon: |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD HOFFER,

                        Plaintiff,

-against-

CITY OF YONKERS, et al.
      Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION IN LIMINE

**DEVON M. RADLIN**
Attorney for Plaintiff
Office & Post Office Address, Telephone
112 W 34th Street- 18th Floor
NEW YORK, N.Y. 10120
(212) 406-9200

To:                                                                Signature (Rule 130-1.1-a)

Print name beneath                                      Attorney(s) for

Service of a copy of the within                     is hereby admitted.
Dated,

                                                                            Attorney(s) for

Please take notice
↑ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
↑ NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                             on
                                                                     Yours, etc.

To:                                                                **DEVON M. RADLIN**
                                                                     Attorney for Plaintiff
Attorney(s) for:                                              112 W 34th St, 18th Floor
                                                                     **NEW YORK, NY 1012**