UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICHARD HOFFER,                                                            18-CV-1197(AK)

        Plaintiff,

           -against-

POLICE OFFICER ELYSSA TELLONE, SHIELD#
730387, POLICE OFFICER TREVOR GOFF,
SHIELD #731915, POLICE OFFICER LAMONT
BROWN, SHIELD #734149 and POLICE OFFICER
DARCY DRUMMOND, SHIELD # 731907,

        Defendant(s).
-----------------------------------------------------------------X


### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DIRECTED VERDICT


DEVON M. RADLIN
Attorney for Plaintiff
112 W 34th Street – 18th Floor
New York, New York 10120
Devon@LawDMR.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ………………………………………………….. 1

## ARGUMENT

II.    DIRECTED VERDICT AGAINST DEFENDANT GOFF .....    1

CONCLUSION..........................................................................................3

**TABLE OF
AUTHORITIES**

**Cases**                                                              **Page**

*Atkins v. New York City*, 143 F.3d 100 (2d Cir. 1998) ...............................................1, 2, 3

*Maxwell v. City of New York*, 380 F.3d 106 (2d Cir. 2004)...............................................2

*O'Bert ex. rel. Estate of O'Bert v. Vargo*, 331 F. 3d 29 (2d Cir. 2003).................................2

**Statutes**

Fourth Amendment .................................................................................. 2

## PRELIMINARY STATEMENT

On December 1, 2021, this Court commenced a jury trial entitled *Richard Hoffer v. Police Officer Elyssa Tellone, Shield #730387, Police Officer Trevor Goff, Shield #731915, Police Officer Lamont Brown, Shield #734149 and Police Officer Darcy Drummond, Shield #73190.* The two remaining issues that needed to be tried were (1) whether either of the individual defendants used excessive force and (2) whether either of the defendants failed to intervene when one of the fellow defendants used excessive force. After three (3) days trial, the jury rendered a verdict on behalf of all the defendants.

However, plaintiff Hoffer respectfully moves to set aside the excessive force verdict against defendant Police Officer Trevor Goff, Shield #731915, ("Defendant Goff") because no reasonable juror would not have concluded that the tasing of Plaintiff Hoffer by Defendant Goff five (5) minutes after plaintiff was placed under custody at 7:57 p.m. was not excessive force. As such, the Court should set aside the jury verdict and enter a verdict in favor of Plaintiff Hoffer against Defendant Goff on the excessive use of force during the arrest. Plaintiff Trial Exhibit "2" and Defendant Trial Exhibit "B", respectively and attached hereto as Plaintiff's Exhibits "1" and "2".

## ARGUMENT

### *DIRECTED VERDICT AGAINST DEFENDANT GOFF*

A trial court should not grant a motion for a new trial unless it is "convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998). This court is free to weigh the evidence, including witness credibility, for itself, and need not view it in the light most favorable to the non-

moving party. *Id.* The "principles of deference to the jury do not override the trial judge's duty to see that there is no miscarriage of justice." *Id.*

"Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Maxwell v. City of New York*, 380 F.3d 106, 2004 U.S. App. LEXIS 16626, at *4 (2d Cir. 2004). Under the Fourth Amendment, law enforcement officers may use only such force as is objectively reasonable under the circumstances. *See O'Bert ex. rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 36 (2d Cir. 2003). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." *Id.*

There was testimony from defendants, specifically defendant Goff, that "10-23" meant that matters were "in control" and/or that suspects were, "under custody," which meant the suspect(s) were, "under control," and, "under arrest." Plaintiff Hoffer was in custody at 19:57:16 (See Plaintiff Exhibit "1"-Page 2); yet Plaintiff was tased twice around 20:02:44 by Defendant Goff, which was approximately five (5) minutes after Plaintiff was in custody. Defendant Goff testified as to these facts and did not provide any controverting or contrary evidence as to same.

During deliberations, as the Court is aware, the jury reviewed the five (5) second clip of Defendant Goff tasering plaintiff. While it is undisputed that there were two separate taser videos and one of them was "overwritten," the jury saw the video that showed Defendant Goff using taser after Plaintiff Hoffer was under arrest and in custody. Therefore, this Court should find that that was excessive force as a matter of law under the circumstances. Although a, "finding of excessive

force does not [ ] entitle the victim to compensatory damages as a matter of law," and that nominal damages are appropriate, "in the absence of proof of actual injury." *Atkins,* 143 F.3d at 103.

This Court should set aside the jury verdict against defendant Goff on the excessive force claim and set the matter down for trial on damages.  Further, if the Court finds that a reasonable jury could have found that the plaintiff did not sustain any injuries and plaintiff is not entitled to compensatory damages, the Court can enter a judgment in plaintiff's favor and deem that nominal damages are appropriate.

## CONCLUSION

For the foregoing reasons, the Court should set aside the excessive force jury verdict in defendant Goff's favor and enter a verdict on plaintiff's behalf and either set a date for compensatory damage trial or award plaintiff nominal damages.

**Dated:**   New York, New York
          January 6, 2022

Respectfully,

DEVON M. RADLIN
Attorney for Plaintiff
112 W 34th Street – 18th Floor
New York, New York 10120
Devon@LawDMR.com

3

Index No.:    Year     RJI No.:        Hon:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD HOFFER,

         Plaintiff,

 -against-

POLICE OFFICER ELYSSA TELLONE, et al.
  Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DIRECTED VERDICT

**DEVON M. RADLIN**
Attorney for Plaintiff
Office & Post Office Address, Telephone
**112 W 34ᵗʰ Street- 18ᵗʰ Floor**
**NEW YORK, N.Y. 10120**
**(212) 406-9200**

To:              Signature (Rule 130-1.1-a)

Print name beneath       Attorney(s) for

Service of a copy of the within     is hereby admitted.
Dated,

              Attorney(s) for

Please take notice
ꟷ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
ꟷ NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.·
one of the judges of the within names court, at       on
              Yours, etc.

To:            DEVON M. RADLIN
            Attorney for Plaintiff
Attorney(s) for:       **112 W 34ᵗʰ St, 18ᵗʰ Floor**
            **NEW YORK, NY 1012**