UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

RICHARD HOFFER,

                              Plaintiff,                          **DECISION AND ORDER**

    -against-                                                            18 Civ. 1197 (AEK)

POLICE OFFICER ELYSSA TELLONE, SHIELD #
730387; POLICE OFFICER TREVOR GOFF, SHIELD
# 731915; POLICE OFFICER LAMONT BROWN,
SHIELD # 734149; and POLICE OFFICER DARCY
DRUMMOND, SHIELD # 731907,

                              Defendants.
----------------------------------------------------------------x

        Pursuant to a December 15, 2022 order of the United States Court of Appeals for the Second Circuit, Plaintiff Richard Hoffer has filed a motion requesting free transcripts of the trial in this action pursuant to 28 U.S.C. § 753(f).  *See* ECF No. 109 (Notice of Motion); ECF No. 110 (Affirmation and copy of Second Circuit order).  Plaintiff offers four purportedly "substantial questions" for appellate review in support of his application for free transcripts.  For the reasons set forth below, the Court finds that three of the listed grounds do not present substantial questions, and that any appeal on these three grounds would be frivolous.  That said, the Court concludes that one of the issues identified by Plaintiff does present a substantial question that warrants appellate review.  Accordingly, as to this one question, Plaintiff satisfies the standard set forth in 28 U.S.C. § 753(f) for entitlement to free transcripts to address that limited question, and therefore Plaintiff's motion for free transcripts is hereby GRANTED IN PART.

## BACKGROUND

        Plaintiff, proceeding through counsel, brought this action against Defendants Police Officers Elyssa Tellone, Trevor Goff, Lamont Brown, and Darcy Drummond (collectively,

"Defendants"), asserting claims pursuant to 42 U.S.C. § 1983 for the alleged violation of his Fourth Amendment right to be free from the use of excessive force and for Defendants' alleged failure to intervene to prevent and/or stop the use of excessive force.  The trial commenced on December 1, 2021, and on December 8, 2021, after three days of testimony and almost two days of deliberations, the jury returned a verdict in favor of all Defendants on both claims.  ECF No. 99.  Following the entry of judgment, Plaintiff, still proceeding through counsel, moved for a "directed verdict" against Officer Goff as to the claim against him for the use of excessive force.  *See* ECF No. 100.  Because Plaintiff had not filed a motion for a directed verdict during the trial pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, the Court treated Plaintiff's motion as a motion for a new trial pursuant to Rule 59(a)(1)(A) and denied the motion in a Decision and Order issued on June 10, 2022.  ECF No. 104.  Plaintiff, now proceeding *pro se*, thereafter filed a notice of appeal in both this Court and the Second Circuit.  *See* ECF No. 105; *Hoffer v. P.O. Elyssa Tellone, Shield #730387, et al.*, 22-1377 (2d Cir.), Dkt. No. 1.  On November 21, 2022, this Court granted Plaintiff's motion for leave to appeal *in forma pauperis* ("IFP").[1]  *See* ECF No. 108.

On December 15, 2022, a panel of the Second Circuit denied as moot Plaintiff's motion for IFP status because this Court had granted IFP status already.  *Hoffer*, 22-1377 (2d Cir.), Dkt. No. 28; ECF No. 110-1 (Ex. A to Hoffer Affirmation) ("Second Circuit Order").  The Second Circuit Order stated, however, that it was Plaintiff's "duty to 'order from the reporter a transcript

---

[1] Plaintiff originally moved for IFP status in a filing submitted to the Second Circuit on or about July 13, 2022.  *Hoffer*, 22-1377 (2d Cir.), Dkt. No. 7.  In an order dated November 18, 2022, Plaintiff was informed that "[t]he district court must rule on [Plaintiff's] IFP status before the Court of Appeals can address his motion."  *Id.* at Dkt. No. 24.  As part of the November 18, 2022 order, the IFP motion was formally held in abeyance in the Court of Appeals and was transferred to this Court for a determination of IFP status.  *Id.*

2

of such parts of the proceedings not already on file as the appellant considers necessary' or 'file a certificate stating that no transcript will be ordered.' Fed. R. App. P. 10(b)(1)(A)–(B), (b)(2)." *Id.* at 1.  The Second Circuit Order additionally noted that although Plaintiff had indicated that he was ordering a transcript, "the trial transcripts do not appear on the district court docket." *Id.* Plaintiff was instructed that if he wanted to obtain free transcripts, then "he must first move in the district court within 30 days of this order and demonstrate financial need and that his appeal is 'not frivolous (but presents a substantial question).'" *Id.* at 2 (quoting 28 U.S.C. § 753(f)). Plaintiff filed his motion in this Court on January 3, 2023.  *See* ECF Nos. 109-110.

## ANALYSIS

"Fees for transcripts furnished . . . to persons permitted to appeal *in forma pauperis* shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).  When an appellant moves for a free transcript, "he [or she] must provide the district court with a statement detailing the substantial questions presented by the appeal." *Harper v. United States*, 217 F.3d 889, 889 (2d Cir. 2000) (*per curiam*).  "Courts have defined a substantial question for the purposes of Section [] 753(f), as a question that is reasonably debatable when judged on an objective basis." *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 02-cv-9151 (KMW), 2009 WL 1730977, at *1 (S.D.N.Y. June 18, 2009) (quotation marks omitted).[2]  "When considering whether to furnish an appellant *in forma pauperis* with a free copy of a trial transcript, courts also take into account whether a transcript is necessary to the appeal, and the cost to the Court of

---

[2] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) and Local Civil Rule 7.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of this case and other cases that are unpublished or only available by electronic database are being simultaneously mailed to the *pro se* Plaintiff along with this Order.

providing the requested transcript." *Id.* "Vague assertions of error are insufficient to raise a substantial question that would warrant provisioning the trial transcript at no cost." *Dorsey v. Venard*, No. 15-cv-859 (TJM), 2019 WL 2904546, at *1 (N.D.N.Y. June 17, 2019) (quotation marks omitted).

In his affirmation submitted in support of the instant motion, Plaintiff states that his appeal presents the following "substantial questions" of law and fact:

    i.    The District Court Erred In Denying Plaintiff['s] Post Judgment Motion To Redirect The Verdict.

    ii.    The District Court Erred When It Precluded Plaintiff Substantial Evidence To Establish His Cause of Action For Excessive Force.

    iii.    The Jury Failed To Accord Clear And Convincing Evidence Establishing Plaintiff's Cause Of Action[] For Excessive Force Against Defendants.

    iv.    The District Court Erred In Denying Plaintiff['s] Request For Spoliation Inference Charge Where The Defendant's Destory [*sic*] Compelling Evidence In Support Of [Plaintiff's] Cause Of Action For Excessive Force Against Defendants.

ECF No. 110 ("Hoffer Aff.") ¶ 3. Plaintiff adds that he "intends to appeal and challenge the sufficieny [*sic*] of the jury's verdict based upon its findings, and the transcripts of the proceedings, by direction of the Second Circuit Court of Appeals, has directed Plaintiff to seek such records transcripts that is supportive by [*sic*] Plaintiff's legal claims presented by the appeal." Hoffer Aff. ¶ 4.

The first three bases for Plaintiff's appeal do not present substantial questions that would warrant provision of the trial transcript. The Court interprets Plaintiff's first enumerated ground for an appeal as an attempt to challenge the Court's denial of his motion for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. That motion sought to have the jury's verdict against Plaintiff and in favor Officer Goff on Plaintiff's excessive force claim set aside as

4

being against the weight of the evidence.  Plaintiff's former counsel pointedly encouraged the Court "to *weigh the evidence*, including witness credibility, for itself" and "not view it in the light most favorable to the non-moving party."  ECF No. 100 at 1-2 (emphasis added).  And indeed, "for a district court to order a new trial under Rule 59(a), it must conclude that the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice, *i.e.*, it must view the jury's verdict as against the weight of the evidence."  *Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003) (cleaned up).  But it is well-established that "[t]he denial of a motion to set aside a verdict as against the weight of the evidence is not subject to appellate review."  *McKinney v. Cent. Hudson Gas & Elec. Corp.*, 632 F. App'x 37, 37 (2d Cir. 2016) (summary order) (citing *Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp.,* 73 F.3d 1178, 1199 (2d Cir. 1995)).  While Plaintiff here was "entitled to argue to the trial judge that the verdict [was] against the weight of the evidence . . . , the denial of that challenge is one of those few rulings that is simply unavailable for appellate review."  *Stonewall*, 73 F.3d at 1199.  Accordingly, any appeal on this purported ground would be frivolous, and cannot justify provision of a free copy of any portion of the trial transcript.

With respect to his second asserted ground for appeal, it is unclear to the Court what "substantial evidence" Plaintiff ostensibly was precluded from having or using to establish his excessive force claim.  There was no pretrial motion practice that resulted in Plaintiff being denied the opportunity to introduce evidence, and the Court even took the step of issuing an arrest warrant during the trial to ensure that a non-party witness subpoenaed to testify as part of Plaintiff's case in chief complied with his obligation to testify.  In sum, this purported ground amounts to a vague assertion of error that is insufficient to justify provision of a free copy of any portion of the trial transcript.  *See Dorsey*, 2019 WL 2904546, at *1 (collecting cases).

As for Plaintiff's third asserted ground for appeal, it is unclear how the jury's supposed failure to credit "clear and convincing evidence" is materially different from Plaintiff's Rule 59(a) motion to set aside the jury's verdict as against the weight of the evidence. As set forth above, that decision is not subject to appellate review. Accordingly, this purported ground for appeal also would be frivolous, and does not justify provision of a free copy of any portion of the trial transcript.

The only substantial question presented by Plaintiff is his fourth ground for appeal, which challenges the Court's decision to deny his request for an adverse inference jury instruction based on the alleged spoliation of evidence.[3] Plaintiff's counsel requested an adverse inference instruction at the appropriate stage of the trial, and the Court rejected the request in a definitive ruling on the record. Even though this point was not further argued by Plaintiff's counsel in post-trial briefing, this issue was appropriately preserved for appeal. *See* Fed. R. Civ. P. 51(c), 51(d); *cf. Oliphant v. Vilano*, 631 F. App'x 37, 40 (2d Cir. 2015) ("Because Oliphant neither requested such an instruction nor objected to the district court's instructions, this argument is waived.") (citing Fed. R. Civ. P. 51(d)(1)). Because of the significance of the Taser evidence in the overall case presented by Plaintiff with respect to Officer Goff, the denial of the request for the adverse inference instruction was an important component of the trial, and the Court finds that this ground for appeal presents a substantial question within the meaning of 28 U.S.C. § 753(f). While it is not necessary for Plaintiff to have the entire trial transcript in order for this one ruling to be evaluated on appeal, certain portions of the trial transcript are needed to decide

---

[3] Officer Goff testified at trial that he deployed his Taser twice, before Plaintiff was in custody, as part of his efforts to apprehend Plaintiff, but the usage report for the Taser device did not evidence the first of these Taser deployments. *See* ECF No. 104 at 5. Moreover, although there was a video clip of the second Taser deployment, which was shown to the jury at trial, *id.*, there was no video clip of the first Taser deployment.

6

the issue. In particular, resolution of this issue will require the following portions of the trial transcript to be provided: (1) the jury charging conference on December 3, 2021 (*i.e.*, the discussion that took place *after* the completion of all witness testimony on the third day of trial); (2) the colloquy between counsel and the Court *prior* to the start of witness testimony on December 3, 2021 (the third day of trial); and (3) the entire testimony of (a) Officer Goff, including the colloquy with the Court about the Taser video at the conclusion of Officer Goff's testimony, on December 2, 2021 (the second day of trial), and (b) Officer Drummond on December 3, 2021 (the third day of trial). Particularly because only limited portions of the transcript are necessary for this issue to be decided, the Court finds that the time and expense associated with producing these portions of the transcript will not impose a significant burden.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for free trial transcripts is hereby GRANTED IN PART.

By no later than **February 10, 2023**, the Clerk of Court is respectfully directed to provide Plaintiff and the Court with a copy of the following portions of the trial transcript: (1) the jury charging conference on December 3, 2021 (*i.e.*, the discussion that took place *after* the completion of all witness testimony on the third day of trial), (2) the colloquy between counsel and the Court *prior* to the start of witness testimony on December 3, 2021 (the third day of trial), and (3) the entire testimony of (a) Officer Goff, including the colloquy with the Court about the Taser video at the conclusion of Officer Goff's testimony, on December 2, 2021 (the second day of trial), and

(b) Officer Drummond on December 3, 2021 (the third day of trial).  These portions of the transcript are to be provided free of charge pursuant to 28 U.S.C. § 753(f).

Dated:  January 18, 2023
       White Plains, New York

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge

    A copy of this Order has been mailed to the *pro se* Plaintiff by Chambers at Plaintiff's address of record on the docket.